IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HARRY LEE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-cv-695-MEF |
| | ) | |
| MEAD WESTVACO COATED | ) | |
| BOARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Plaintiff's "Motion For Summary Judgment" (Doc. #22). Plaintiff filed his Complaint (Doc. #1) on July 24, 2009, and an Amended Complaint (Doc. #4) on August 4, 2009. On September 18, 2009, Defendant filed an Answer (Doc. #12). The Court conducted a scheduling conference with the parties on November 16, 2009, and entered its Scheduling Order (Doc. #20) that same day. Plaintiff filed the instant Motion on December 1, 2009.

Plaintiff's Motion consists of one page and is essentially a replica of the Amended Complaint.[1] Thus, Plaintiff's Motion is premised on nothing more than the allegations

---

[1] Specifically, the Motion For Summary Judgment includes, *verbatim*, the two paragraphs which comprise the Amended Complaint and simply adds the following paragraph: "I, Harry Lee Jackson, Plaintiff, respectfully request that the Scheduling Order be dismissed in this case and that the case be decided by only the facts presented on November 16, 2009, pro se, and a decision or ruling be made by Your Honor or through voluntary mediation in favor of the Plaintiff." Motion (Doc. #22).

1

Plaintiff has lodged in his Amended Complaint.[2]  Plaintiff has submitted no evidentiary support for the allegations in his Amended Complaint.[3]  As such, Plaintiff's Motion For Summary Judgment does not comply with this Court's Orders (Docs. #20, 21) setting forth the form and content for dispositive motions.  For this reason, as well as its prematurity, Plaintiff's Motion is due to be denied.

Plaintiff's Motion is also due to be denied pursuant to the legal requirements governing motions for summary judgment.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law."  *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of

---

[2] Plaintiff's "request" that he be awarded summary judgment based on "only the facts presented on November 16, 2009," is confusing, as this simply marks the date on which the Court conducted the scheduling conference with the parties.  No evidence or argument was presented to or entertained by the Court on November 16, 2009.

[3] The failure to submit such evidence is understandable, and expected, given that discovery in this case has only just commenced and is scheduled to last until June 14, 2010.  *See* Uniform Scheduling Order (Doc. #20) at 2.

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

In this instance, Plaintiff's Motion For Summary Judgment consists only of the exact allegations of his Complaint, with no supporting evidentiary submissions.  As Plaintiff has failed to present any evidence supporting the allegations of the Amended Complaint, and Defendant has already filed an Answer denying each of the substantive allegations of wrongdoing in the Amended Complaint, *see* Answer (Doc. #12), the Court is unable to conclude that there does not exist a genuine issue of material fact.  Plaintiff has therefore failed to sustain his initial burden in requesting summary judgment.  Accordingly, summary judgment is due to be denied.

For the reasons specified above, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Summary Judgment (Doc. #22),  be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **December 22, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 8th day of December, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE